IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2-05CV-321-LED |
| | § | |
| INTEL CORPORATION, | § | **DEMAND FOR JURY TRIAL** |
| | § | |
| Defendant. | § | |

## INTEL CORPORATION'S ANSWER

Defendant Intel Corporation ("Intel") responds as follows to the Complaint of AmberWave Systems Corporation ("AmberWave").

## INTRODUCTION

1.      Intel admits that it has for years improved the performance of its microprocessors using many methods.  Intel denies knowledge or information sufficient to form a belief as to whether AmberWave is a small technology and engineering firm founded by a university professor and one of his former students.  Except as so admitted, Intel denies the allegations of paragraph 1 of the Complaint.

## PARTIES AND JURISDICTION

2.      Intel admits that AmberWave purports to bring a claim for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq*.  Except as so admitted, Intel denies the allegations of paragraph 2 of the Complaint

3.      Intel admits, on information and belief, that AmberWave is a Delaware corporation with its principle place of business in Salem, New Hampshire.

4.      Intel admits that it is a Delaware corporation and that it has various business facilities located throughout the United States.  Except as so admitted, Intel denies the allegations in paragraph 4 of the Complaint.

5.      Intel admits that Intel products, including 90nm Pentium® processors, have been sold in this District.  Intel admits that it maintains a worldwide website that allows users throughout the world (including in this District) to submit information to Intel, to download information, and to locate companies who sell Intel products both in this District and elsewhere.  Except as so admitted, Intel denies the allegations of paragraph 5 of the Complaint.

6.      Intel admits that it has filed complaints in this District as a plaintiff and intervenor, and that it has previously appeared as a defendant and a counterclaim plaintiff in this District without contesting venue.  Except as so admitted, Intel denies the allegations of paragraph 6 of the Complaint.

7.      Intel admits that it has approximately 600 employees in the State of Texas; that it has a registered agent in the State of Texas; and that it has sought and received authorization to do business in Texas.  Intel denies that it maintains at least eight business offices in the State of Texas.  Except as so admitted, Intel denies the allegations of paragraph 7 of the Complaint.

8.      Intel admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Intel admits that rules concerning venue are set forth in 28 U.S.C. §§ 1391 and 1400(b).  Except as so admitted, Intel denies the allegations of paragraph 8 of the Complaint.

## THE PATENT IN SUIT

9.      Intel admits that AmberWave purports to attach a copy of United States Patent No. 6,881,632 (the "'632 patent") as Exhibit A to the Complaint.  Intel admits that the '632 patent is entitled "Method of Fabricating CMOS Inverter and Integrated Circuits Utilizing

Strained Surface Channel MOSFETS". Intel admits that that the '632 patent was issued on April 19, 2005. Intel denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of the Complaint.

## CLAIM FOR RELIEF

10.     Paragraph 10 repeats and realleges the allegations of paragraphs 1 through 9 of the Complaint, and Intel therefore incorporates by reference its responses to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.     Intel denies the allegations in paragraph 11 of the Complaint.

12.     Intel denies the allegations in paragraph 12 of the Complaint.

13.     Intel denies the allegations in paragraph 13 of the Complaint.

14.     Intel denies the allegations in paragraph 14 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Intel.

## SECOND DEFENSE

The Complaint fails to state a claim for which relief can be granted against Intel.

## THIRD DEFENSE

The '632 Patent is invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of U.S.C. §§ 101, *et seq.*

## FOURTH DEFENSE

The '632 Patent is invalid for double patenting.

**FIFTH DEFENSE**

The '632 Patent is invalid based on an improper inventorship which was maintained with deceptive intent by the named inventors despite knowledge by the named inventors that they did not solely invent the subject matter claimed.

**SIXTH DEFENSE**

AmberWave comes to this court with unclean hands and should therefore be barred from recovering the relief sought or any relief whatsoever from Intel.

**SEVENTH DEFENSE**

The Complaint is barred in whole or part under principles of equity, including laches, prosecution laches, waiver and/or estoppel.

**EIGHTH DEFENSE**

Intel has not infringed and is not infringing, either directly or under the doctrine of equivalents, nor inducing or contributing to the infringement of others, any valid and enforceable claim of the '632 patent.

**NINTH DEFENSE**

Intel has not willfully infringed, and is not willfully infringing, any valid and enforceable claim of the '632 patent.

**TENTH DEFENSE**

AmberWave cannot prove that this is an exceptional case pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Intel respectfully requests judgment granting the following relief:

1.      That AmberWave take nothing by its Complaint;

2.      That the Court dismiss AmberWave's Complaint with prejudice;

3.      That the Court award Intel attorneys' fees and expenses against

AmberWave and deny that AmberWave's Complaint is exceptional under 35 U.S.C. § 285; and

4.      That the Court award Intel such other and additional relief as it deems just

and proper.

Dated: September 2, 2005

Respectfully submitted,

By____/s/ Michael E. Jones_____
        Michael E. Jones
        Attorney-In-Charge
        Texas Bar No. 10929400
        mikejones@potterminton.com
        POTTER MINTON
        110 North College
        500 Plaza Tower
        Tyler, Texas 75702
        Telephone:  (903) 597-8311
        Facsimile:  (903) 593-0846

        OF COUNSEL:

        George M. Newcombe (CA Bar No. 202898)
        gnewcombe@stblaw.com
        SIMPSON THACHER & BARTLETT LLP
        3330 Hillview Avenue
        Palo Alto, California 94304
        Telephone:  (650) 251-5000
        Facsimile:  (650) 251-5002

        Attorneys for Defendant Intel Corporation

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 2, 2005.  Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Michael E. Jones
Attorney In Charge for Defendant
Intel Corporation