UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT
05 JUL 15 AM 9:54
TX EASTERN-MARSHALL

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, Plaintiff, vs. INTEL CORPORATION Defendant. | Civil Action No. 2-05CV-321 LED<br>Jury |

## AMBERWAVE'S COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff AmberWave Systems Corporation ("AmberWave"), for its complaint against Defendant Intel Corporation ("Intel"), alleges as follows:

### INTRODUCTION

1. AmberWave is a small technology and engineering firm founded by a university professor and one of his former students. AmberWave develops innovative technology for the production of microprocessors and other semiconductor devices. For years, Intel has been improving the performance of its microprocessors by shrinking the size of their fundamental components. Intel now finds itself unable to continue its historical pace of performance enhancement using its own technological developments. In order to defend its market position against inroads by competitors, Intel is using AmberWave's patented inventions to enable the production of faster and more efficient microprocessors—without obtaining a license from AmberWave. This action seeks redress for Intel's infringing activities.

**Exhibit A**

1324519

## PARTIES AND JURISDICTION

2. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 101 *et seq.*

3. AmberWave is a Delaware corporation with its principal place of business in Salem, New Hampshire.

4. AmberWave is informed and believes, and thereon alleges, that Intel is a Delaware corporation with business locations throughout the United States.

5. AmberWave is informed and believes, and thereon alleges, that Intel has done and continues to do business in this District. AmberWave is informed and believes, and thereon alleges, that Intel has harmed and continues to harm AmberWave in this District. AmberWave is informed and believes, and thereon alleges, that Intel products have been sold in this District. AmberWave is informed and believes, and thereon alleges, that these products include 90nm Pentium® processors. AmberWave is informed and believes, and thereon alleges, that Intel maintains a website accessible to the residents of this District. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to submit information to Intel, and to download information from the website. AmberWave is informed and believes, and thereon alleges, that Intel's website allows users in this District to locate companies who will sell Intel products to users in this District, including 90 nm Pentium® processors.

6. AmberWave is informed and believes, and thereon alleges, that Intel has voluntarily availed itself of the courts in this District. AmberWave is informed and believes, and thereon alleges, that Intel has filed complaints in this District as both a plaintiff and as an intervenor. AmberWave is informed and believes, and thereon alleges, that Intel has appeared as a defendant and a counterclaim plaintiff in this District, without contesting that venue is proper in the District.

7. AmberWave is informed and believes, and thereon alleges, that Intel has sought and received authorization to do business in the State of Texas. AmberWave is

informed and believes, and thereon alleges, that Intel has a registered agent in the State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel maintains at least eight business offices in State of Texas. AmberWave is informed and believes, and thereon alleges, that Intel has at least approximately 600 employees in the State of Texas.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT IN SUIT

9. United States Patent No. 6,881,632 ("'632 patent"), entitled "Method of Fabricating CMOS Inverter and Integrated Circuits Utilizing Strained Surface Channel MOSFETS," was duly and legally issued on April 19, 2005. AmberWave is the owner by assignment of all right, title and interest in and to the '632 patent. A true and correct copy of the '632 patent is attached as Exhibit A.

## CLAIM FOR RELIEF

### (Patent Infringement by Intel)

10. AmberWave incorporates by reference paragraphs 1 through 9 as if set forth here in full.

11. AmberWave is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271, Intel has been and is currently directly infringing, contributorily infringing, and/or inducing infringement of the '632 patent by, among other things, making, using, offering to sell, selling and/or importing, without authority or license from AmberWave, certain computer processor products, including 90 nm Pentium® processors.

12. AmberWave is informed and believes, and thereon alleges, that Intel's infringement of the '632 patent has been and continues to be willful.

13. Unless enjoined, Intel will continue to infringe the '632 patent, and AmberWave will suffer irreparable injury as a direct and proximate result of Intel's conduct.

14. AmberWave has been damaged by Intel's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## DEMAND FOR JURY TRIAL

AmberWave demands a trial by jury on all issues triable to a jury

## PRAYER FOR RELIEF

WHEREFORE, AmberWave prays for relief as follows:

A. For a determination that the '632 patent is valid and enforceable;

B. For a determination that Intel infringes the '632 patent, and that Intel's infringement is willful;

C. For an order preliminarily and permanently enjoining Intel, and its directors, officers, employees, attorneys, agents and all persons in active concert or participation with any of the foregoing from further acts of infringement of the '632 patent;

D. For damages resulting from infringement of the '632 patent Intel in an amount to be determined at trial, and the trebling of such damages due to the willful nature of their infringement;

E. For an award of interest on damages;

F. For a declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs; and

G. For an award of such other and further relief as this Court deems just and proper.

Dated: July 15, 2005               Respectfully submitted,

**IRELL & MANELLA LLP**
**BROWN MCCARROLL LLP**
**IRELAND, CARROLL & KELLY, PC**
**JONES & JONES, INC., PC**
**MCKOOL SMITH, PC**

Morgan Chu (CA #70446)
David I. Gindler (CA #117824)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Phone: (310) 277-1010
Facsimile: (310) 203-7199
E-mail: dgindler@irell.com

By: /s/ S. Calvin Capshaw
S. Calvin Capshaw III (TX #03783900)
BROWN MCCARROLL LLP
Attorney-in-Charge
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas 75601-5157
Phone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: CCapshaw@mailbmc.com

Otis W. Carroll (TX #03895700)
IRELAND, CARROLL & KELLY, PC
6101 South Broadway Avenue
Suite 500
P.O. Box 7879
Tyler, Texas 75711
Phone: (903) 561-1600
Facsimile: (903) 581-1070

Franklin Jones, Jr. (TX #00000055)
JONES & JONES, INC., PC
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
Phone: (903) 938-4395
Facsimile: (903) 938-3360

Samuel F. Baxter (TX #01938000)
MCKOOL SMITH, PC
300 Crescent Court
Suite 1500
Dallas, TX 75201
Phone: (214) 978-4000
Facsimile: (214) 978-4044

**ATTORNEYS FOR PLAINTIFF**
**AmberWave Systems Corporation**

1324519

- 6 -