IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff/Counter-defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-301-KAJ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant/Counter-plaintiff | ) | |

## AMBERWAVE'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, and other applicable Federal Rules of Civil Procedure, Defendant and Counter-plaintiff AmberWave Systems Corporation requests that Plaintiff and Counter-defendant Intel Corporation respond under oath to the following First Set of Interrogatories within thirty (30) days after the date of service hereof.

## DEFINITIONS

1. "AMBERWAVE" shall mean AmberWave Systems Corporation and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of AmberWave Systems Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

2. "INTEL" shall mean Intel Corporation, and any present or former parent, subsidiary, division, subdivision, affiliated company, licensee, predecessor, or successor of Intel Corporation, and any of its or their present or former officers, directors, agents, advertising agents, servants, employees, attorneys, representatives, and those persons or corporations in active concert or participation with, or acting or purporting to act on its (or their) behalf.

3. "YOU" and "YOUR" shall mean INTEL.

**Exhibit B**

1334141

4. The "'292 PATENT" shall mean United States Patent No. 6,831,292, entitled "Semiconductor Structures Employing Strained Material Layers With Defined Impurity Gradients And Methods For Fabricating Same," issued on December 14, 2004.

5. "COUNTERCLAIM" shall mean AmberWave Systems Corporation's Answer and Counterclaim, filed in case number 05-CV-301 (D. Del.).

6. "DOCUMENT" as used herein shall mean every kind of recording of any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk or any other form of data storage, data compilation or mechanical or electronic recording, and all other tangible things which come within the meaning of "writing" or "recording" as used in Federal Rules of Evidence Rule 1001 or "document" as used in Federal Rules of Civil Procedure Rule 34. Every draft or non-identical copy of a DOCUMENT is a separate DOCUMENT as that term is used herein.

## INSTRUCTIONS

1. Whenever appropriate, the singular form of a word shall be interpreted in the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary to bring within the scope of these interrogatories any information that might otherwise be considered outside their purview; and words imparting the masculine include the feminine and vice versa.

2. In answering these interrogatories, furnish all information, however obtained, including hearsay which is available to you, and information known by or in the possession of you, your agents, your attorneys, or appearing in your records.

3. Where knowledge or information in your possession is requested, the request extends to knowledge or information in the possession of your predecessors and/or successor, as

well as to information in the possession of your officers, directors, agents, employees, servants, representatives and attorneys.

4. If you contend that the answer to any interrogatory is privileged or otherwise immune from discovery in whole or in part, state all facts supporting such privilege or immunity, and describe each person having knowledge of the factual basis upon which the privilege or immunity is asserted.

5. If in answering any interrogatory, you seek to invoke the procedures of Rule 33(d) of the Federal Rules of Civil Procedure, state fully all facts which support your contention that the burden of ascertaining the answer to the interrogatory is substantially the same for AmberWave as it is for Intel, and describe specifically those business records from which you contend AmberWave may ascertain or derive the answer.

6. These interrogatories shall be considered continuing, and you are to supplement your answers in a timely manner in accordance with the requirements of Rule 26 of the Federal Rules of Civil Procedure.

7. When an interrogatory asks you to "describe" a document, state: the name of the author; the type of document or writing; the date; the addressee, or recipient, if practicable, and otherwise a general description of the persons to whom the writing was distributed; the subject matter; any title or description; and the present location.

8. When an interrogatory asks you to "identify" a person, state the name, job title, job description, and affiliation of the person.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that the '292 PATENT is invalid.

**INTERROGATORY NO. 2**:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE has unclean hands and therefore should be barred from recovering any relief sought in its COUNTERCLAIM or any relief whatsoever against INTEL.

**INTERROGATORY NO. 3**:

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that AMBERWAVE's COUNTERCLAIM is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, and/or estoppel.

**INTERROGATORY NO. 4**:

Provide INTEL's construction of each term in each claim in the '292 PATENT, and identify any intrinsic or extrinsic evidence INTEL may rely on for the construction.

**INTERROGATORY NO. 5**:

Identify each semiconductor device made, used, sold, offered for sale, or imported by or for INTEL since December 14, 2004, that has a transistor with a strained or stressed region, and describe the design and method of fabrication of the transistors in the device, including how the strain or stress is created. As used in this interrogatory, a "semiconductor device" includes a device that is not commercially available.

**INTERROGATORY NO. 6**

Identify all facts (including all DOCUMENTS) that support or contradict, and identify all persons with knowledge of, INTEL's contention that it has not infringed and is not infringing the '292 PATENT, directly, by the doctrine of equivalents, by inducement, or by contribution.

**INTERROGATORY NO. 7**:

Identify all facts (including all DOCUMENTS and opinions of counsel), that Intel will rely on to establish that it has not and is not willfully infringing the '292 PATENT, directly, by the doctrine of equivalents, by inducement, or by contribution.

Respectfully submitted,

_____
Morgan Chu
David I. Gindler
Jason G. Sheasby
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel: (310) 277-1010

Jack B. Blumenfeld (No. 1014)
Leslie A. Polizoti (No. 4299)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200

Attorneys for Defendant and Counter-plaintiff
AmberWave Systems Corporation

Dated: August 29, 2005

1334141

- 5 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On August 29, 2005, I served the foregoing document described as **AMBERWAVE's FIRST SET OF INTERROGATORIES** on each interested party, as follows:

>George M. Newcombe
>Simpson Thatcher & Bartlett
>3330 Hillview Avenue
>Palo Alto, California 94304

I caused each such envelope to be delivered by hand to the offices of each interested party.

Executed on August 29, 2005, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.


| Jason Sheasby | _____ |
| :---: | :---: |
| (Type or print name) | (Signature) |

1347214