# EXHIBIT J

```
                                                                    1

              IN THE UNITED STATES DISTRICT COURT

              IN AND FOR THE DISTRICT OF DELAWARE
                             - - -

    INTEL CORPORATION,              :  CIVIL ACTION
                                    :
              Plaintiff and         :
              Counter-defendant,    :
                                    :
    v.                              :
                                    :
    AMBERWAVE SYSTEMS CORPORATION,  :
                                    :
              Defendant and         :
              Counter-claimant.     :  NO. 05-301 (KAJ)
                             - - -

                       Wilmington, Delaware
              Wednesday, September 7, 2005 at 4:05 p.m.
                       TELEPHONE CONFERENCE
                             - - -

    BEFORE:    HONORABLE KENT A. JORDAN, U.S.D.C.J.
                             - - -

    APPEARANCES:


              YOUNG CONAWAY STARGATT & TAYLOR
              BY:  JOSY W. INGERSOLL, ESQ.

                   and

              SIMPSON THACHER & BARTLETT, LLP
              BY:  GEORGE M. NEWCOMBE, ESQ., and
                   PATRICK E. KING, ESQ.
                   (Palo Alto, California)

                        Counsel for Intel Corporation




                                    Brian P. Gaffigan
                                    Registered Merit Reporter
```

1   APPEARANCES: (Continued)

2

3   MORRIS NICHOLS ARSHT & TUNNELL
    BY:  JACK B. BLUMENFELD, ESQ.

4           and

5   IRELL & MANELLA, LLP
    BY:  JASON SHEASBY, ESQ.
6        (Los Angeles, California)

7           and

8   AMBERWAVE SYSTEMS CORPORATION
    BY:  BRYAN LORD, ESQ.

9
           Counsel for AmberWave Systems
10         Corporation

11

12

13

14

15              - oOo -

16         P R O C E E D I N G S

17         (REPORTER'S NOTE:  The following telephone

18  conference was held in chambers, beginning at 4:05 p.m.)

19         THE COURT:  Hi, this is Judge Jordan.  Who do I

20  have on the line?

21         MS. INGERSOLL:  Hi, Judge Jordan.  Josy

22  Ingersoll on the line for Intel; and with me are George

23  Newcombe -- or I think George is the only one with me.  He

24  is a partner with Simpson Thacher & Bartlett, and you may

25  remember him from long ago.

1  ball to Intel first last time so, AmberWave, I'll give it to
2  you first on this.
3        MR. BLUMENFELD: Your Honor, you know, we
4  had this conversation before and it's sometimes hard to
5  anticipate how much are you going to need, but I don't think
6  this is a simple case particularly because there are a
7  lot of defenses asserted, including inventorship, double
8  patenting and a lot of nontechnical defenses: laches,
9  waiver estoppel, unclean hands and a bunch of things. It's
10 just one of those cases where 100 hours may not be enough.
11 We originally proposed 175, we came down to 125, and we're
12 not going to abuse our hours. If we don't need to use them
13 we won't use them, but I'd hate to have to come back because
14 we have a dispute over whether we can take those last three
15 depositions and I think 125 in a case like this is
16 reasonable.
17       THE COURT: Mr. Newcombe?
18       MR. NEWCOMBE: Your Honor, it's always hard to
19 predict so it's not as if this is a mathematical exercise.
20 It seemed to us that 100 hours was more than sufficient here
21 under the circumstances given this is a one patent case, but
22 it's a matter of judgment. We can't predict what it will
23 be. We think 100 hours is adequate.
24       THE COURT: All right. Well, I guess I'll err
25 on the side of generosity here and we'll go ahead and mark

```
 1   this down for 125 on the representation which I know is made
 2   in good faith by Mr. Blumenfeld, and I accept it as such,
 3   that if it doesn't take that much, they won't use that much.
 4            So we'll move to location of depositions next.
 5   Now, I have standard language that is in my orders and
 6   typically, and it looks like Intel, you folks want to move
 7   off that.  Do you want to tell me why?
 8            MR. NEWCOMBE:  Well, we know that it depends
 9   on how broadly the party representative is defined, but
10   certainly all of our people reside in California and it
11   would be more convenient for them certainly to be closer to
12   their residence than otherwise this is.
13            THE COURT:  AmberWave?
14            MR. BLUMENFELD:  Your Honor, this is one where I
15   think on an ad hoc basis, we're willing to discuss location
16   of depositions.  And it may well be that for a lot of these
17   depositions that we're willing to take them in California
18   where Mr. Sheasby's office is, but what we don't want to
19   happen is we get into a situation where we have a lot of
20   depositions going on at the end of the case which typically
21   happens and we're on the East Coast and they're on the West
22   Coast and people, lawyers are shuttling back and forth.
23            All we're looking for is a default provision
24   that if the parties can't agree, it will be in Delaware
25   for the types of witnesses that are described there, but
```

10

certainly we're going to discuss with them and try to agree on locations for depositions.

THE COURT: Okay. Well, I don't see any reason to depart from ordinary practice here so the ordinary language in my orders will stand. And I do expect the parties to discuss in good faith what makes sense under the circumstances for any particular deponent. But if an officer, director or managing agent is going to be deposed and they want to insist on you folks coming here to do it, all other things being equal, that's the way we'll play it.

Now, interrogatories. We're at again a split of 25 and 50. Are we talking about basically the same thing we were dealing with with depositions or not?

MR. BLUMENFELD: Your Honor, Jack Blumenfeld. It's a little bit that and there are a lot of issues here. And interrogatories are not a particularly inexpensive or not a particularly expensive way to get at contentions and they have a lot of defenses here.

Again, we're not planning on abusing this but there is actually a reason why I preferred to have it at 50, and that is I've had recent cases -- none of them before Your Honor. I've had three experiences where we put out a set of interrogatories that we thought was about 15 long and the other side got to about nine or 12 and said, well, the way we count them, you're past 25 and we're not answering