# EXHIBIT B

Case 2:05-cv-00807-LMPT Document 25 Filed 09/22/2005 Page 1 of 7

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

05-682

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
INTEL CORPORATION

**DEFENDANTS**
AMBERWAVE SYSTEMS CORPORATION

(b) County Of Residence Of First Listed Plaintiff
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)
Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place An X In One Box For Plaintiff And One Box For Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. NATURE OF SUIT** (Place An X In One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☒ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 370 Other Fraud |  |  | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 555 Prison Condition |  |  |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
35 U.S.C. § 101 et seq.
Brief description of action:
Cause of action for declaratory judgment of no patent infringement.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐ YES ☐ NO   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)   JUDGE: KAJ   DOCKET NUMBER: 05-301

DATE: 9/20/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

DB01:1821400.1

062992.1002

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ORIGINAL

| | | |
|---|---|---|
| INTEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-682 ___ |
| | ) | |
| AMBERWAVE SYSTEMS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Intel Corporation ("Intel") by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and, for its Complaint in this declaratory judgment action, alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), because AmberWave Systems Corporation ("Defendant") is incorporated in Delaware.

### THE PARTIES

3. Intel is a Delaware corporation with its principal place of business in Santa Clara, California. Intel is engaged in the business of manufacturing high performance computer microprocessors.

4. Defendant is a Delaware corporation with its principal place of business in Salem, New Hampshire. Defendant is engaged in the business of developing strained silicon technology.

## BACKGROUND

5. On December 14, 2004, United States Patent No. 6,831,292 entitled "Semiconductor structures employing strained material layers with defined impurity gradients and methods for fabricating same" ("the '292 Patent") was issued, naming Matthew Currie, Anthony Lochtefeld, Richard Hammond and Eugene Fitzgerald as inventors and Defendant as assignee.

6. On September 20, 2005, United States Patent No. 6,946,371 entitled "Methods of fabricating semiconductor structures having epitaxially grown source and drain elements" ("the '371 Patent") was issued, naming Thomas A. Langdo and Anthony J. Lochtefeld as inventors and Defendant as assignee. A copy of the '371 Patent is attached as Exhibit A.

7. On or about May 9, 2005, Steven Frank, counsel for Defendant, sent to Paul Otellini, President of Intel a letter formally notifying Intel "that its current commercial products, including, without limitation, its Prescott and Dothan processors, infringes claims" of the '292 Patent and allowed application publication nos. 2004/0161947 ("the '947 Application"), and 2004/0045499, which was thereafter issued as the '371 patent. Defendant "request[ed] that Intel take immediate steps to conclude license negotiations with AmberWave or to cease infringement of AmberWave's intellectual property." A true and correct copy of Mr. Frank's letter is attached as Exhibit B.

8. Prior to the notice letter, the parties had been engaged in communications with respect to, among other things, the '292 Patent and the applications.

9. On May 17, 2005, Intel filed a declaratory judgment action in the United States District Court for the District of Delaware seeking a declaration that Intel has not infringed the '292 Patent directly, by inducement, or by contribution; and for such other and further relief that may be just and appropriate. A true and correct copy of Intel's complaint is attached as Exhibit C.

10. By reason of Mr. Frank's allegations of infringement in his correspondence of May 10, 2005, Intel reasonably apprehends that a suit will imminently be filed against Intel under 35 U.S.C. § 271 alleging infringement of the '371 Patent by Intel's continuing to make, offer to sell, and selling its current commercial products, including, without limitation, its Prescott and Dothan processors.

11. There is a substantial and continuing justiciable controversy between Intel and Defendant pending in the United States District Court for the District of Delaware as to Defendant's rights to threaten or maintain suit for infringement of the '371 Patent and as to whether any of Intel's current commercial products infringes any of the claims of the '371 Patent.

12. By reason of Mr. Frank's allegations of infringement in his correspondence of May 9, 2005, Intel reasonably apprehends that a suit will imminently be filed against Intel under 35 U.S.C. § 271 if and when the '947 Application issues as a patent alleging infringement of the '947 Application by Intel's continuing to make, offer to sell, and selling its current commercial products, including, without limitation, its Prescott and Dothan processors. If and when the '947 Application issues as a patent, Intel reserves all rights to amend this Complaint to seek a declaratory judgment of non-infringement of the patent that issues from the '947 Application.

## CLAIM FOR RELIEF

**(Declaratory Judgment of Non-infringement)**

13. Intel re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12, inclusive, as set forth above.

14.     Intel has not manufactured, assembled, sold, offered for sale or distributed within the Unites States any devices or systems that directly infringe any of the claims of the '371 Patent.

15.     Intel has not manufactured, assembled, sold, offered for sale or distributed within the United States any devices or systems that fall within the range of equivalents of any of the claims of the '371 Patent.

16.     Intel has not induced, and is not now inducing, infringement of the '371 Patent in any manner whatsoever.

17.     Intel has not, and is not now, contributing to the infringement of the '371 Patent in any manner whatsoever.

**PRAYER FOR RELIEF**

WHEREFORE, Intel respectfully prays for relief and judgment against Defendant as follows:

(a) a declaration that Intel has not infringed the '371 Patent directly, by inducement, or by contribution; and

(b) for such other and further relief that may be just and appropriate.

|  |  |
|---|---|
| OF COUNSEL:<br><br>George M. Newcombe (CA Bar No. 202898)<br>SIMPSON THACHER & BARTLETT<br>3330 Hillview Avenue<br>Palo Alto, California 94303<br>(650) 251-5000 | Respectfully submitted,<br><br>*/s/ John W. Shaw*<br>Josy W. Ingersoll (No. 1088)<br>John W. Shaw (No 3362)<br>Karen E. Keller (No. 4489)<br>YOUNG CONWAY STARGATT &<br>TAYLOR LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-6600<br>jshaw@ycst.com<br><br>Attorneys for Plaintiff<br>Intel Corporation |

Dated: September 20, 2005