# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTEL CORPORATION, )<br>)<br>Defendant. ) | **CIVIL ACTION NO. 2-05CV-321**<br><br>**JUDGE DAVIS**<br>**JURY** |

## REPLY IN SUPPORT OF INTEL'S MOTION TO TRANSFER

AmberWave does not dispute any critical facts that make this case appropriate for transfer. AmberWave concedes that the parties are identical; that the accused devices are identical; and that the patents involve the same underlying technology, contain common terms, and rely upon the same prior art. It is therefore undisputed that unless this case is transferred, two courts will have to decide not only whether the same devices infringe AmberWave's patents on strained silicon technology, but also the amount of damages that AmberWave would be due based on Intel's sales of those devices. Moreover, AmberWave's opposition is bereft of even a single authority holding that it is improper to apply the first-to-file rule in light of these commonalities. Instead, it belabors the irrelevant fact that this case and the First-Filed Action are not absolute mirror images. As AmberWave concedes, however, the governing law does not require mirror images for transfer, but rather that the two cases are likely to overlap substantially. The undisputed commonalities in these cases cross that threshold. Having failed to demonstrate that the first-to-file rule is inapplicable, AmberWave also fails to identify any compelling reasons that justify disregarding the rule. Accordingly, this Court is required to transfer this action to the court where the First-Filed Action is pending for that Court to decide whether the two actions should be consolidated.

I. **THE TWO CASES ARE SUBSTANTIALLY SIMILAR**

Intel demonstrated in its Motion that the first-to-file rule requires only the likelihood of substantial overlap, not absolute identity of issues. Mot. at 7-8. AmberWave concedes that the substantial overlap test is the correct rule of law. Opp. at 9-10. While most of AmberWave's opposition is spent laboring to prove how different the cases are, AmberWave ignores – and thereby concedes – critical facts that demonstrate a substantial overlap between them. AmberWave does not dispute that both cases involve "identical acts of infringement." *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 406 (5th Cir. 1971). Because the same products are accused in both cases, both courts will be forced to learn the technologies of Intel's complex microprocessors. They will also have to learn the complex subject matter common to both patents. Finally, in comparing the products to the patents, it is undisputed that the courts will have to reference and construe identical terms. While those terms may be "common" to the field of strained silicon, that does not make the effort of interpreting them twice any less redundant. Opp. at 8-9.[1]

Noticeably absent from AmberWave's opposition is any reference to the issue of damages. AmberWave is silent on this subject because virtually all of the issues relating to damages will overlap *completely* in both cases. These issues will be complex and subject to time consuming analysis. *See, e.g., Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1447 (Fed. Cir. 1990) ("We recognize that an assessment of a royalty based on a fictional negotiation is not a simple task. Determining a fair and reasonable royalty is often a difficult chore . . . .") (citation and quotations omitted); *Novopharm Ltd. v. Torpharm, Inc.*, 181 F.R.D. 308, 310 (E.D. N.C.

---

[1] The patents also rely upon a body of common prior art. The number of shared references (6) is significant compared to the overall number of references in the '292 Patent (52), even if it represents a smaller portion of those in the '632 Patent.

1998) (noting "complex nature of damages determination and the extensive discovery that is often necessary to prove the nature and extent of those damages"). The complexity of the damages issue is heightened here, given the complicated technical structures of Intel's microprocessors, and the difficulty of attributing a portion of Intel's sales to one particular technical feature (as supposedly described by AmberWave's claimed inventions) out of many that contribute to the products' market appeal and sales. Here, an important element – strained silicon – is common to the claims in both AmberWave patents at issue in the First-Filed Action and this case. Two juries should not have to independently evaluate AmberWave's technology. Such duplicative litigation runs the risk of reaching contradictory findings of fact or damage valuations when assessing in two different proceedings common technical elements in the two AmberWave patents.

Because of these undisputed and substantial commonalities, the parties and the courts will almost certainly become mired in redundant discovery and conflicting discovery rules. AmberWave glibly proclaims – without explanation or support – that "[a]ny potential redundancy can be addressed by coordinating discovery between the two cases." Opp. at 10. At the scheduling conference that was recently held in Delaware, Judge Jordan was less sanguine:

> You guys [AmberWave] have created now a conflict that probably shouldn't have existed by suing the same party in another district. Now, maybe you got a good reason for that and it's just not something I'm aware of but it certainly does, on the face of it, create the potential for conflicting discovery rules and schedules and that is a problem. That is a real problem.

Supplemental Declaration of Michael E. Jones ("Supp. Jones Decl.") at ¶ 3, Ex. A. Intel agrees that discovery conflicts could be a "real problem" that would be easily solved by letting the judge in the First-Filed Action adjudicate both of the substantially overlapping actions.

AmberWave fails to identify even a single case holding that it is improper to apply the first-to-file rule in light of the substantial commonalities present here. The cases it relies upon are distinguishable. For example, *Sofamar v. Danek Holdings, Inc. v. U.S. Surgical Corp.* involved a motion brought under 28 U.S.C. § 1404(a), not the first-to-file rule; the court denied the motion largely because the "two actions [were] at very different stages in the litigation process" and the plaintiff had sued in its home forum. *Id.,* No. 98-2369 GA, 1989 U.S. Dist. LEXIS 21746 at *11-12 (W.D. Tenn. Nov. 16, 1998). Here, AmberWave sued in a forum to which it has no connection. If there is any difference in the progress of the actions, it is that the later-filed action here remains in its infancy, whereas the First-Filed Action in Delaware is moving forward with momentum: the Delaware court held a scheduling conference; the Delaware court has adopted a scheduling order, covering all aspects of the case through trial and set a trial date; both parties have serve substantial discovery requests; Intel has begun producing documents to AmberWave; and the parties are exchanging Rule 26(a) disclosures this week. *See* Supp. Jones Decl. at ¶ 4.[2] Moreover, the unusual complexity of the technology involved here justifies transfer to preserve judicial resources. The degree of overlap between the First-Filed Action and this case requires that this Court transfer this action to the First-Filed court for a decision as to whether it should be dismissed, stayed, or consolidated. *Sutter Corp. v. P&P Indus., Inc.* 125 F.3d 914, 920 (5th Cir. 1997).

---

[2] The other case, *SmithKline Beecham Corp. v. Apotex Corp.* also involved a motion brought under § 1404, and it too was denied because discovery in the proposed transferee court had nearly concluded. *Id.* No. Civ A 99-CV-4304, 2000 WL 15074, at *3 (E.D. Pa. Jan 4, 2000).

## II. AMBERWAVE HAS NOT DEMONSTRATED THAT THERE ARE ANY COMPELLING REASONS TO DISREGARD THE FIRST-TO-FILE RULE

AmberWave concedes that this Court cannot disregard the first-to-file rule unless AmberWave shows that both: (i) the first-filed action was improperly anticipatory, and (ii) the later-filed forum is more convenient. Opp. at 11. Because AmberWave has failed to carry its burden to establish both of these elements, there is no reason to disregard the rule.

### A. Texas is Not a More Convenient Forum than Delaware

AmberWave must establish that this District is a *more* convenient forum than Delaware. *See Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) (holding that first-filed forum is preferred unless convenience and efficiency affirmatively favor later-filed forum). AmberWave turns this argument on its head by asserting that transfer should be denied because "Delaware is no *more* convenient than this District." Opp. at 1 (emphasis added). AmberWave's misstatement of the rule betrays its inability to satisfy it. As each of its arguments makes clear, this District is less, not more, convenient than Delaware:

- Although AmberWave claims that the parties lack a close relationship with Delaware – the state in which both companies chose to incorporate – it does not even attempt to argue that they have any closer connection to this District. Opp. at 13-14. Indeed, it concedes that there are no fact witnesses in the entire State of Texas.

- Although it claims that the Local Rules of this District provide a "prompt and cost-effective tool to conduct discovery", it does not contend that the rules in the District of Delaware are any *less* prompt or efficient. *Id.* Indeed, whereas this court has not entered any case management conference order and no discovery has been produced in this case, in Delaware the court has adopted a case management order governing all aspects of the case, Intel has already produced documents to AmberWave in the Delaware Action, and the Delaware Court has set a trial date of March 19, 2007. Moreover, promptness and efficiency are better served by proceeding with one consolidated action, not two actions on the same subject in geographically disparate courts.

- Although Intel identified California at a scheduling conference as a more convenient location than Delaware for the depositions of its witnesses (Opp. at 13), that clearly does not establish that *Texas* is more convenient relative to Delaware. Telling, at the

scheduling conference in the First-Filed Action, AmberWave expressed its preference for the default rule that its own witnesses be deposed, not in Texas, but in *Delaware*. *See* Supp. Jones Decl. ¶ 3, Ex. A. Again, AmberWave's concession demonstrates that Delaware is a more convenient forum, and it contradicts the showing that AmberWave must make to defeat transfer.

- Finally, AmberWave's claim that Texas is a convenient forum since Intel has sued and voluntarily appeared here is irrelevant. In commencing the First-Filed Action, Intel sued and appeared voluntarily in Delaware as well. Opp. at 13. This factor fails to meet AmberWave's burden of showing that Texas is a more convenient forum.

**B.** **AmberWave Has Not Established That The First-Filed Action Was Anticipatory**

Because it cannot establish that Delaware is less convenient than Texas, AmberWave's claim that the First-Filed Action was anticipatory is of no consequence. AmberWave cannot and does not deny that it is improper to disregard the first-to-file rule solely because an earlier suit is anticipatory. Opp. at 11. In its most recent pronouncement on the subject, the Federal Circuit made it clear that it is an abuse of discretion to favor a later-filed suit where there are no additional reasons to disregard the rule. *See Imaging*, 394 F.3d at 1347-48 (reversing district court's decision to favor a later-filed action). The Federal Circuit explained that it affirmed the district court's decision to favor a later-filed suit in *Serco Servs. Co. L.P. v. Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995) only because that court "did not rely solely on the anticipatory nature of [the] declaratory action." *Imaging*, 394 F.3d at 1348. Rather, the district court's decision in *Serco* was proper only because in that case, unlike here, "the location of witnesses and documents" favored the later-filed action. *Id.*

AmberWave has also failed to demonstrate that the First-Filed Action was improperly anticipatory. Unlike the party in *Metro Optics, Inc. v. Contex, Inc.*, No. 3:95-CV-2157-T, 1996 WL 302697 (N.D. Tex. March 14, 1996), Intel did not engage in the bad-faith ploy of secretly filing a complaint and then withholding service while licensing negotiations continued. Likewise, there is no evidence that Intel attempted to use the First-Filed Action as leverage in

licensing negotiations, as did the party in *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 815 (Fed. Cir. 1996). To the extent either of these cases can be read to suggest that a later-filed suit should be given precedence merely because the earlier case was anticipatory, they contradict the Federal Circuit's most recent and authoritative holdings.

## CONCLUSION

For all the foregoing reasons, and for all the reasons set forth in Intel's Motion to Transfer, Intel respectfully submits that the Court should grant Intel's motion to transfer this case to the United States District Court for the District of Delaware.

Respectfully submitted,

POTTER MINTON,
A Professional Corporation

By:     /s/ Michael E. Jones
    Michael E. Jones
    Attorney-In-Charge
    Texas Bar No. 10929400
    mikejones@potterminton.com

110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846

OF COUNSEL:

George M. Newcombe (CA Bar No. 202898)
gnewcombe@stblaw.com
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Attorneys for Defendant Intel Corporation

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing Reply in Support of Intel's Motion to Transfer was served on September 26, 2005 on the following counsel of record via the following means:

| | | |
|---|---|---|
| Morgan Chu | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| David I. Gindler | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| Sydney Calvin Capshaw, III | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| Otis W. Carroll | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| Franklin Jones, Jr. | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| Samuel F. Baxter | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |
| | | |
| Thomas John Ward, Jr. | ☐ | Personal Service |
| | ☐ | Facsimile |
| | ☐ | Overnight Mail |
| | ☒ | E-mail (via Court's electronic docket) |

/s/ Michael E. Jones
Attorney In Charge for Defendant
Intel Corporation