IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMBERWAVE SYSTEMS CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 05-837 |
| INTEL CORPORATION, | |
| Defendant. | |

**NOTICE OF RELATED CASE**

The above case was recently transferred to this Court by Order of Judge Davis of the Eastern District of Texas. It is related to the following case pending before Judge Jordan: *Intel Corporation v. AmberWave Systems Corporation*, C.A. No. 05-301-KAJ, in that both cases involve similar subject matter, the same parties, and the same accused products. A copy of the Memorandum Opinion and Order and Notice of Transfer from the Eastern District of Texas are attached hereto.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Karen E. Keller* by *Andrew A. Lundgren* (No. 4429)
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672
kkeller@ycst.com

*Attorneys for Intel Corporation*

OF COUNSEL

George M. Newcombe
Simpson Thacher & Bartlett LLP
3330 Hillview Avenue
Palo Alto, California
(650) 251-5000

Dated: December 9, 2005

United States District Court<br>Office of the Clerk<br>Eastern District of Texas

David J. Maland
Clerk
November 29, 2005



100 E Houston Street
Marshall, TX 75670
903 935 2912

District of Delaware
J. Caleb Boggs Federal Building
Lockbox 18
844 North King Street
Wilmington, DE 19801-3570

0 5   8 3 7

Case Number # 2:05cv321
Style: Amberwave Systems Corporation vs Intel Corporation

Dear Clerk:

Pursuant to an order from our court, we are transferring to your District the above entitled cause of action. We are forwarding certified copies of the order of transfer, docket sheet, complaint or notice of removal, and sealed documents if any.

In February 2004, the Eastern District of Texas implemented CM/ECF. You may access our electronic case file at the following web address: **http://ecf.txed.circ5.den.** We have assigned a login and password for the district courts to use in accessing this information. The login is _Lower Case USDE_ and the password is __transfer!__ .

The login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system. You will need Adobe Acrobat reader loaded on your computer in order to view the documents.

If you need help accessing our electronic file call our help desk at 1-866-251-7534 or the number listed at the top of this letter.

Please acknowledge receipt of these documents on the copy of this letter and return it to this office in the enclosed envelope.

Sincerely,
David J. Maland/Clerk
By_____
Deputy Clerk

Enclosures

Received items described above on this date_____
and assigned Case Number_____.

Clerk, U.S. District Court
By_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMBERWAVE SYSTEMS CORPORATION | § § § | |
| Plaintiff | § § | |
| vs. | § § | CASE NO. 2:05-CV-321 |
| INTEL CORPORATION | § § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Intel's Motion to Transfer (Docket No. 17). Having considered the parties' written submissions, the Court **GRANTS** the motion.

## BACKGROUND

AmberWave Systems Corporation brought this suit on July 15, 2005 accusing Intel Corporation of infringing U.S. Patent No. 6,881,632. Two months earlier, on May 17, 2005, Intel brought a declaratory judgment action against AmberWave in Delaware seeking a judgment that Intel does not infringe AmberWave's U.S. Patent No. 6,831,292. The '632 patent teaches a method of constructing inverters and other circuits using strained semiconductor transistors. The '292 patent teaches a method minimizing or eliminating the impurities in the semiconductor material while fabricating individual transistors. Thus, the patents are related to different scientific fields in the same area of technology. AmberWave and Intel are the only two entities involved in both litigations, and the same products are accused in both litigations.

Intel moves the Court to transfer this case to the Delaware court where the declaratory

judgment action is pending. Intel claims the Delaware action is the first-filed action and therefore, under the first-to-file rule, this Court should transfer this action to the Delaware court where the declaratory judgment action is pending.

## APPLICABLE LAW

When overlapping suits are filed in multiple federal courts, each court must decide whether to keep the case, or whether interests of judicial economy favor transferring the case to a sister court so all issues can be resolved in the same forum. *See Tex. Instruments, Inc. v. Micron Semiconductor*, 815 F. Supp. 994, 997-98 (E.D. Tex. 1993). "The general rule favors the forum of the first-filed action" as the forum for resolving all the issues in dispute. *Genetech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Exceptions to this rule though "are not rare, and are made when justice or expediency requires." *Id.*

The first-to-file rule applies when the two actions involve closely related questions or subject matter or the core issues substantially overlap, but the core issues do not need to be identical. *Texas Instruments Inc.*, 815 F. Supp. at 997. A subsequent action that does not have complete identity of the parties can still substantially overlap on the substantive issues of the first-filed action, warranting dismissal or transfer. *Superior Sav. Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328-29 (N.D. Tex. 1989); *see Save Power Ltd. v. Sintek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Once it has been proven that the two actions might substantially overlap, the court with the second-filed action transfers the case to the court where the first-filed action is pending. The court of the first-filed action then decides if the cases actually do substantially overlap and require consolidation. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599 (5th Cir. 1999). The underlying policies supporting the first-to-file rule are comity and the orderly administration of

justice. *Superior Sav. Ass'n*, 705 F. Supp. at 331.

## ANALYSIS

It is undisputed that Intel filed the Delaware action two months before AmberWave brought suit in this Court. The parties do dispute whether the two actions substantially overlap such that the first-to-file rule applies. Substantial overlap does not require that the core issues be identical, but that the two actions will involve closely related questions or subject matter. *See Texas Instruments Inc.*, 815 F. Supp. at 997. The patents address different scientific aspects, mechanical engineering and electrical engineering, of semiconductor transistors. Thus the patents do not raise identical issues in the two actions, but the subject matter is closely related. Although not required for substantial overlap, the same parties are involved in both actions. Additionally, the same products are accused in both actions. Importantly, the Honorable Kent A. Jordan, presiding over the Delaware action, thought the cases would involve overlapping issues:

> You guys [AmberWave] have created now a conflict that probably shouldn't have existed by suing the same party in another district. Now, maybe you got a good reason for that and it's just not something I'm aware of but is certainly does, on the face of it, create the potential for conflicting discovery rules and schedules and that is a problem. That is a real problem.

*Intel Corp. v. AmberWave Sys. Corp.*, No. 05-301, Telephonic Conference, September 7, 2005. Overlapping discovery would be much less of a concern for either court if the technologies at issue and products in dispute were unrelated. Based on these considerations, the two actions do involve closely related questions and subject matter such that their core issues substantially overlap.

AmberWave argues that the first-to-file rule should not apply because Intel brought its declaratory judgment action in a race to the courthouse to gain a strategic advantage while the parties were involved in good faith negotiations. The Court disagrees with AmberWave's perception of the

impetus for the declaratory judgment action. AmberWave's evidence, a letter from Intel's counsel to AmberWave's counsel accompanying a copy of the complaint, demonstrates that Intel filed suit after "AmberWave chose to escalate the matter by placing Intel on 'formal notice' [of infringement] and in light of the serious nature of the allegations." Given that AmberWave had escalated the dispute between the parties, it is not clear that the parties were negotiating in such good faith that Intel filed suit only to gain an upper hand in the ongoing negotiations. Thus, this argument does not defeat the application of the first-to-file rule. Additionally, AmberWave has not challenged the propriety of the Delaware action in the Delaware court "in order to facilitate a prompt adjudication of the patent."

AmberWave also argues that convenience weighs against transfer. If this Court retains this action, there will be two complex and simultaneous actions between the same parties over related technologies and involving the same accused products. Consequently, justice and expediency do not outweigh application of the first-to-file rule. Accordingly, the Court applies the first-to-file rule and transfers the case to Judge Jordan's docket in the District of Delaware.

## CONCLUSION

Having found that the first-to-file rule applies, the Court **GRANTS** Intel's motion and **ORDERS** the case transferred to Judge Jordan in the District of Delaware.

**So ORDERED and SIGNED this 1st day of November, 2005.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

4

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on December 9, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Jack B. Blumenfeld, Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>P.O. Box 1347
>Wilmington, DE 19899-1347

I further certify that on December 9, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following in the manner indicated:

**BY ELECTRONIC MAIL**

>David Gindler, Esquire
>Irell & Manella LLP
>1800 Avenue of the Stars, Suite 900
>Los Angeles, CA 90067

>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>/s/ Karen E. Keller
>
>Josy W. Ingersoll (No. 1088)
>John W. Shaw (No. 3362)
>Karen E. Keller (No. 4489)
>Andrew A. Lundgren (No. 4429)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>kkeller@ycst.com
>*Attorneys for Plaintiff Intel Corporation*

DB01:1855271.1                                                                                          062992.1002